**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LARRIE LEE LITTLE**                                                      **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.: 3:26-cv-69-MPM-JMV**

**STACY ELDRIDGE, of Silicon
Prairie Cyber Svcs, LLC and
BARRY G. DICKEY, of VIDEO
EVIDENCE LAB**                                                        **DEFENDANTS**

<u>**ORDER GRANTING MOTION TO QUASH**</u>

This matter is before the court on a motion filed by Zurich American Insurance Company ("Zurich") [Doc. 9] seeking to quash a subpoena duces tecum in this matter [Doc. 7], and Plaintiff's response in opposition [Doc. 14]. For the reasons stated below, the motion to quash is GRANTED and the subpoena is QUASHED.

Plaintiff Larrie Lee Little filed his complaint in this matter on March 31, 2026, against Defendants Stacy Eldridge and Barry G. Dickey. [Doc. 1]. Plaintiff alleged that he had been racially discriminated against by Defendants pursuant to 42 U.S.C. § 1981 when they breached their alleged contract(s) by willfully refusing to provide reliable analysis of dashcam footage when he retained them as experts to conduct digital forensics after a vehicle owned by United States Environmental Services, which is insured by Zurich, collided with Plaintiff's relative on December 1, 2024.

On April 15, 2026, Plaintiff served Zurich with a subpoena duces tecum [Doc. 7]. The subpoena seeks "All electronic video footage relating to receipt and distribution of public record video file 1733054691265 or (1) original copy to accident # 202423183ASP and any expert communications" *Id*. On April 23, 2026, counsel for Zurich provided Plaintiff with its objections by email pursuant to Federal Rule of Civil Procedure 45(d)(2)(B). [Doc. 9] – Exh 1. According to

Zurich, the parties attempted to resolve the dispute but were unable to and Plaintiff has not withdrawn his subpoena. As a result, on April 29, 2026, Zurich filed this motion seeking to quash the subpoena pursuant to Federal Rule of Civil Procedure 45. [Doc. 9]. On May 6, 2026, Plaintiff filed his response in opposition to Zurich's motion. [Doc. 14].

Federal Rule of Civil Procedure 45(d)(3) states that "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Generally, modification of a subpoena is preferable to quashing it outright. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Zurich argues that Plaintiff's subpoena is defective because it fails to name the correct legal entity, fails to contain all necessary text required to be present in a subpoena, that the subpoena commands production outside the geographical limits of Fed. R. Civ. P. 45(c)(2)(A), that the subpoena is untimely, and that the subpoena is vague, overly broad, and seeks privileged materials.

In response, Plaintiff argues that Zurich has not shown that the subpoena results in an undue burden or seeks privileged materials. He further argues that the various Fed. R. Civ. P. 45 protections asserted by Zurich are not applicable, as Zurich is not a party to this litigation. He also argues that the subpoena should be permitted because it seeks relevant, non-privileged information.

First, Zurich argues that the subpoena is deficient because it was issued to "Zurich North American Insurance Company" instead of the correctly named "Zurich American Insurance

Company." Zurich's counsel states that it has notified Plaintiff of the error. Plaintiff does not address this argument in his response in opposition.

Zurich also argues that the subpoena fails to contain the necessary text as instructed by Fed. R. Civ. P. 45(a)(1)(A)(iv) which states that "Every subpoena must: …. (iv) set out the text of Rule 45(d) and (e)." Plaintiff used a copy of the subpoena form provided on the Court's website[1] numbered "AO 88B". The form is 3 pages long, and the third page contains the required Rule 45(d) and (e) text. Plaintiff's copy, served on Zurich, appears to be only the first two pages of the form, with no third page containing the required text present. [Doc. 7]. Plaintiff does not address the missing page in his response in opposition, nor does he otherwise address or contest that the Federal Rules require the Rule 45(d) and (e) text and that it does not appear to be present.

Rule 45 of the Federal Rules of Civil Procedure also includes a geographic limitation: a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person...." Fed. R. Civ. P. 45(c)(2)(A). However, Rule 45(d)(2)(A) states that "A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(d)(2)(A). Plaintiff seeks the production of documents located in Schaumburg, Illinois, which the subpoena directs be delivered to Plaintiff's home in Olive Branch, Mississippi, nearly 500 miles away, well outside the limit found in Fed. R. Civ. P. 45(c)(2)(A). Plaintiff's subpoena also lists his email address as a place for production. In response, Plaintiff states that he only seeks electronic documents and that he has stated that he will pay for any documents to be mailed to

---

[1] https://www.uscourts.gov/forms-rules/forms.

him. Plaintiff's attempt to differentiate electronic documents is irrelevant, as the Federal Rule specifically includes "electronically stored information" in the geographic limitation. While Plaintiff may have offered to pay have any documents mailed to him, and has also provided an email in the subpoena, there is disagreement between Fifth Circuit district courts over whether a request to mail or email documents beyond the 100-mile limit is valid. *See In re DMCA § 512 Subpoena to X Corp.*, No. CV 25-MC-474, 2025 WL 888415, at *3 (E.D. La. Mar. 21, 2025); *United States v. Cabelka*, No. 7:18-CV-00174-O-BP, 2022 WL 2612411, at *2 (N.D. Tex. Jan. 25, 2022) (allowing document production beyond 100 mile threshold by mail or e-mail); *but see also Westchester Cnty. v. Doe*, No. MO:20-CV-00012-DC, 2020 WL 14021063, at *3 (W.D. Tex. June 11, 2020); *In re Highground Holdings, LLC*, No. CV 22-267-BAJ-RLB, 2022 WL 4593088, at *3 (M.D. La. Sept. 29, 2022) (holding opposite). However, because of the myriad of other fatal issues effecting the subpoena at issue, the Court is not required to take a position on this intra-circuit split here today.

Zurich argues that the subpoena is also untimely, as discovery has not commenced in this matter. Federal Rule of Civil Procedure 26(d)(1) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." On the date the subpoena was issued, and as of the date of this order, the parties have not met and conferred pursuant to Fed. R. Civ. P. 26(f). Without any other authorization by the rules or court order, Plaintiff may not yet seek discovery, making the subpoena untimely. Likewise, Plaintiff fails to comply with Federal Rule of Civil Procedure 45(a)(4) which requires that a copy of any subpoena commanding production of documents or electronically stored information like the present subpoena be served on each party. In opposition, Plaintiff

argues that prior to the subpoena's service, on April 14, 2026, Zurich had voluntarily agreed to produce the video footage Plaintiff seeks. While this may be the case, and Zurich is free to voluntarily produce what it wishes to, Plaintiff is requesting these documents be compelled to be produced by order of the Court through a subpoena and must follow the applicable rules for doing so.

Zurich also argues that the subpoena is vague, overly broad, and seeks privileged material. Zurich argues it has no way of ascertaining what falls under "all electronic video footage relating to receipt and distribution." A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad. *Wiwa*, 392 F.3d at 818. Plaintiff's request is facially overbroad as it fails to provide any relevant time period. It is also unclear and lacks specificity, as the phrase "all electronic video footage relating to receipt and distribution" is not particularized to what the subpoena seeks. *Lewis v. Fusio Medical Devices, LLC*, 2024 WL 4527788, at *2 (S.D. Miss. Oct 18, 2024). In response, Plaintiff attempts to clarify the nature of his request asking that the Court "compel Zurich to release all video footage, audit trail logs as related to any footage, and dashcam telematic date to affirm any footage as seen in the video footage." [Doc. 14] at 2. However, this new formulation still remains overly broad with no specific time period and unspecific language requesting "all video footage" without any clear boundaries.

Zurich also objects to Plaintiff's requested production of "any expert communications." This request is also unparticularized and overly broad with no time period, context, or specific definition of what Plaintiff is seeking. Zurich objects on the grounds that any communication between Zurich, its counsel and retained experts relating to the Arkansas accident is covered by attorney-client privilege as they were made in anticipation of litigation relating to a pending claim in which Zurich's insured is a party. Plaintiff asserts that the what he seeks is not privileged

because the "Per the subject-matter waiver clause, Zurich and its customer cannot provide footage as a public record which could have been used to interfere with legal proceedings and then claim privilege by not allowing any party full discovery of the public record to correct or affirm the disputed public record."

"Subject matter waiver of work product immunity occurs when '... it would be inconsistent with the purposes of the work product privilege to limit the waiver to the actual documents disclosed, ... [for example] when the facts relevant to a narrow issue are in dispute and have been disclosed in such a way that it would be unfair to deny the other party access to other facts relevant to the same subject matter.'" *S.E.C. v. Brady*, 238 F.R.D. 429, 444 (N.D. Tex. 2006) (quoting *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.,* 103 F.R.D. 52, 67–68 (D.D.C. 1984)). Here, the Court agrees with Zurich that any "expert communications" requested by Plaintiff are, by their nature, protected from discovery by Federal Rule of Civil Procedure 26(b)(3)(A), and Plaintiff has not presented an exception to the rule to make such communications discoverable. The subject matter waiver clause is not relevant to Plaintiff's request because no documents have been disclosed.

While courts prefer to modify subpoenas instead of quashing them, because the present subpoena is temporally premature, overbroad, and seeks privileged information, it should be quashed, as it is "unsalvageable." *Frazier v. Luther*, No. 3:24-CV-262-GHD-JMV, 2025 WL 3501002, at *2 (N.D. Miss. Dec. 5, 2025).

For the reasons stated above, the motion to quash [Doc. 9] is GRANTED and the subpoena duces tecum issued to Zurich American Insurance Company [Doc. 7] is QUASHED.

**SO ORDERED**, this the 13th day of May, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**